# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| MID-CENTURY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN C. WELLS,<br><br>Defendant. | 2:12-cv-02041-GMN-VCF<br><br>**ORDER**<br><br>(*Emergency* Motion to Compel Discovery Responses and Sanctions #35). |

Before the court is Defendant Jonathan C. Wells' *Emergency* Motion To Compel Discovery Response and Sanctions. (#35). Plaintiff Mid-Century Insurance Company filed an Opposition (#38), and defendant filed a Reply (#40).

**I. Background**

This action commenced on November 28, 2012. (#1). On February 25, 2012, the court approved the parties' Proposed Discovery Plan and Scheduling Order (#14), with minor editing. (#15). The current discovery cutoff date, as set by the original Scheduling Order, was July 15, 2013. *Id.* On March 28, 2013, Plaintiff moved for summary judgment seeking a determination as a matter of law that defendant Wells is not entitled to insurance coverage, based on an exclusion in the policy at issue. (#16). On April 24, 2013, defendant filed an opposition to plaintiff's summary judgment motion (#16), advancing a number of arguments and asserting, pursuant to Fed. R. Civ. P. 56(d), the need to conduct discovery, including discovering facts to challenge the affidavit of defendant (#16-1)("Wells Affidavit") "drafted by a law firm selectively chosen and paid for by [p]laintiff" in different litigation. (#17).

Plaintiff relies on the Wells Affidavit in the motion for summary judgment to support its position regarding material questions of fact relating to the exclusion at issue. (#16).

On June 6, 2013, plaintiff filed an *emergency* motion for protective order requesting an order "staying and vacating depositions currently set to commence on June 20, 2013, June 24, 2013 and June 27, 2013; and staying written discovery." (#23). The court issued an order on June 6, 2013, denying Plaintiff's motion (#23) and stating the following:

> The amount of discovery sought by defendant is not excessive or burdensome (12 Requests for Admission, 11 Requests for Production, 12 Interrogatories and 3 depositions *Id*, EX A & B). To the extent Plaintiff's counsel maintains, within the strictures of Rule 11, that the written discovery does not comply with the applicable federal rules, appropriate objections can be noted. The depositions are set to occur and the responses to written discovery are due before the expiration of the discovery cutoff date.

(#24). The court held that "the efficient administration of this case and the interests of justice would not be served by staying the discovery at issue." *Id.* On June 7, 2013, Plaintiff filed an *emergency* motion for clarification of court's decision denying plaintiff's motion for protective order. (#25). Defendant filed a response on June 7, 2013. (#26). On June 10, 2013, the court issued a minute order scheduling a hearing on the plaintiff's motion (#25). (#27). The court held a hearing on June 12, 2013. (#28).

The court issued an order on June 17, 2013, granting the motion for clarification (#25), and finding that (1) "deposing Mr. Ranalli is appropriate," (2) "[d]efendant may depose Ms. Kope," and (3) "the unique situation created by Mr. Ranalli's dual representation may have resulted in a conflict of interests regarding the Wells Affidavit (#16-1) which is being used as support for the motion for summary judgment (#16), and such information is relevant to defendant's defenses." (#29). On June 21, 2013, material witness Ranalli & Zaniel, LLC filed an *emergency* motion to quash subpoena *duces tecum*. (#31). On June 24, 2013, the court issued an order denying the *emergency* motion to quash (#31) *without prejudice* for further motion practice after completion of the depositions. (#32).

On July 12, 2013, plaintiff filed an *emergency* motion for protective order. (#33). Defendant filed oppositions (#34 and #36). On July 14, 2013, defendant filed the instant *emergency* motion to compel discovery response and sanctions. (#35). On July 16, 2013, defendant filed an opposition to plaintiff's motion for protective (#33). (#36). On July 17, 2013, plaintiff filed a reply in support of the motion for protective order (#37) and an opposition to defendant's motion to compel (#38). Also on July 17, 2013, the court issued an order scheduling a hearing for July 26, 2013, on the motion to compel (#35) and denying as moot the motion for protective order (#33). (#39). The order stated that before the July 26, 2013, hearing, "counsel shall meet, confer and agree on dates, times and locations for taking depositions of Shawn Ward and Kristin Ferren during the month of August, 2013, in Las Vegas, Nevada. If the parties cannot agree on these settings, during the...hearing, the court will order the dates, times and locations for these depositions." *Id.* On July 23, 2013, defendant filed a reply in support of the motion to compel (#35). (#40). The court held a hearing on the motion to compel (#35) on July 26, 2013. (#41).

**II. Outstanding Depositions**

During the July 26, 2013, hearing, the parties represented to the court that they agreed upon the following deposition schedule for the outstanding depositions: Shawn Ward's deposition will be conducted on August 23, 2013, at 9:00 a.m., and Kristin Ferren's depositions will be conducted on August 26, 2013, at 9:00 a.m. (#41). The deponents are hereby ordered to appear for the scheduled depositions. Failure to appear may result in sanctions.

**III. *Emergency* Motion to Compel Discovery**

 **A.**  **Arguments**

Defendant asks this court in his motion to compel to issue an order "compelling [p]laintiff Mid-Century Insurance Company to produce their entire claims file relating to Jonathan C. Wells and the November 11, 2011, motor vehicle accident as requested in [d]efendant's first set of Requests for

Production of Documents propounded to [p]laintiff on May 9, 2013." (#35). Defendant asserts that the claims file "is at the very heart of this coverage dispute and contains imperative information relating to Mid-Century's processing and handling of Mr. Wells's claim and the course of events which led to the ultimate determination to not afford Mr. Wells coverage," and that "during the depositions of Mid-Century's designated 30(b)(6) deponent and a claims adjuster directly involved in the decision to not afford Mr. Wells coverage, the "claims file" was frequently referenced and relied upon." *Id.*

Defendant cites the case of *Renfrow v. Redwood Fire & Cas. Ins. Co.* (D. Nev., 2013) for the position that the claims file is relevant to this action, "crucial for preparation" of defendant's defense, and must be produced. *Id.* Defendant argues that "[h]ere, the strategy, mental impressions and opinions of Mid-Century's agents concerning the handling of the claim are directly at issue and, therefore, it is essential for [d]efendant's counsel to review the materials contained within the claims file, which is the epicenter of this coverage dispute, in order to prepare a proper defense to [p]laintiffs declaratory relief action." *Id.* Defendant asks this court to award reasonable attorneys' fees and expenses incurred in bringing the motion to compel and seek sanctions against plaintiff's counsel for refusing to produce the claims file. *Id.*

In opposition, plaintiff argues that defendant has improperly "proceeded down a discovery path akin to an insurance "bad faith" claim," and that the claims file materials "are irrelevant to the matter before the [c]ourt which is a matter of pure contractual interpretation." (#38). Plaintiff also argues that defendant misrepresents to the court that plaintiff "refuse[s] to cover Jonathan C. Wells relating to the November 11, 2011 motor vehicle accident," and that it is "uncontroverted that Wells is being defended..." *Id.* Plaintiff contends that as there is no "denial of benefits, bad-faith or otherwise, at issue here," the mental impressions of the adjusters reflected in claims files "simply do not matter." *Id.*

Plaintiff asserts that the "interpretation of an insurance policy is a question of law for the court," and that there is no "need for discovery into Mid-Century employees' views, interpretations, or

understandings of the Policy – the Policy's meaning and the resulting obligations, if any, imposed on Mid-Century are solely for the [c]ourt to decide." *Id.* Plaintiff asserts that it withheld the claims file materials to preserve privileged communications, and that the court should not award attorneys' fees and expenses or impose sanctions against plaintiff. *Id.*

Defendant argues in his reply that the plaintiff "never sought a protective order or established any type of privilege log related to the documents contained in Mid-Century/Farmers' HEART or CRN system that stores information related to all decision in a particular insured's claim file," and that during the meet and confer on the issue of the claims file, plaintiff's counsel "simply dared Wells to file a motion to compel in order to obtain documents." (#40). Defendant asserts that "the previous depositions of Mid-Century/Farmers employees DeAnna Kope and Douglas Harris make clear that they had documents from Mr. Wells's claim file on issues regarding coverage that each were able to review prior to their depositions, confer with their counsel Laxalt & Nomura regarding those documents and, in fact, had turned those documents over to Laxalt & Nomura." *Id.* Defendant argues that all depositions taken to date focus on "coverage and the issues affecting coverage in this case, and not for the purpose of bad faith litigation." *Id.*

### B.  Relevant Law/Discussion

As an initial matter, the court finds that the holding in *Renfrow v. Redwood Fire & Cas. Ins. Co.* (D. Nev., 2013) is not applicable here, as in that action, this court found that the claims file was relevant because of the allegations of bad faith, and the action before this court is one for declaratory relief (#1).

During the hearing, plaintiff's counsel conceded that the deponents had reviewed the claims file in preparation for the depositions in this action. (#41). Counsel stated, however, that this review was for the purpose of making sure that the deponent was correct on dates and timing of events that occurred. *Id.* Deponents Kope and Harris relied upon the claims file when they answered questions regarding coverage issues. (#35 Exhibits C and D). The plaintiff relies in its motion for summary

judgment on the Wells Affidavit (#16-1) to support its position that defendant was driving a fleet vehicle and that "coverage for alleged injuries of Charles Marshall arising out of the single motor vehicle accident of November 11, 2011, is not afforded under the terms" of the policy. (#16). This court has held that "a unique situation exists here; Mr. Ranalli, while representing both defendant and Mid-Century, had defendant sign [the Wells Affidavit] that was in the interest of Mid-Century but, as evidenced by the fact that is it being used against defendant in the action before this court (#16), may not have been in the best interest of defendant." (#29). It has been established that the claims file at issue contains material discussing, referencing, and pertaining to coverage issues (#41).

Pursuant to Federal Rule of Civil Procedure 30(c)(1), "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615." Federal Rule of Evidence 612(a)(2) and (b) provides that if a witness uses a writing to refresh memory before testifying, "an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony," "if the court decides that justice requires the party to have those options."

The court finds that in accordance with Rules 612(a)(2) and (b), plaintiff must produce to defendant certain portions of the claims file.[1] Plaintiff's counsel represented to the court that, "before testifying," the deponents used the claims file to refresh their memory as to the specifics surrounding the accident at issue (#41), and the deponents testified as such (#35 Exhibits C and D). The court finds that justice requires the production of such materials, as the claims file deponents relied upon to refresh their memories and to testify at the depositions may contain material relating to the Wells Affidavit and the issue of coverage. The plaintiff relies on the Wells Affidavit (#16-1) for its position that defendant is not entitled to coverage, and the plaintiff has a duty not to place its interests above that of its insured, the defendant. Discovery in this action is closed, except for discovery to be undertaken pursuant to this

---

[1] Plaintiff is in possession of the claims file, as deponent Kope testified that the claims file was provided to plaintiff's counsel. (#35 Exhibit C).

1  order. *See* (#15).  Plaintiff is ordered to produce to defendant a redacted version of the claims file
2  disclosing only material that relates to "exclusion," "coverage," facts relating to coverage, "fleet
3  exclusion," and the decision to draft, the drafting of, and purpose of the Wells Affidavit.  Plaintiff may
4  redact any mental impressions contained in the claims file.  Plaintiff must also provide defendant with a
5  privilege log for the portions of the claims file redacted based on privilege.

6        As plaintiff's counsel acted reasonably in withholding the claims file to preserve privileged
7  communications (#38), the court will not impose sanctions.

8        Accordingly,

9        IT IS HEREBY ORDERED that the deposition schedule for the outstanding depositions is as
10 follows: Shawn Ward's deposition will be conducted on August 23, 2013, at 9:00 a.m., and Kristin
11 Ferren's depositions will be conducted on August 26, 2013, at 9:00 a.m.  Failure to appear at the
12 scheduled deposition may result in sanctions.

13       IT IS FURTHER ORDERED that Defendant Jonathan C. Wells' *Emergency* Motion To Compel
14 Discovery Response and Sanctions (#35) is GRANTED in part and DENIED in part, as discussed
15 above.

16       IT IS FURTHER ORDERED that, on or before August 12, 2013, plaintiff must produce to
17 defendant a redacted version of the claims file disclosing only material that relates to "exclusion,"
18 "coverage," facts relating to coverage, "fleet exclusion," and the decision to draft, the drafting of, and
19 purpose of the Wells Affidavit.  Plaintiff may redact any mental impressions contained in the claims
20 file.  Plaintiff must also provide defendant with a privilege log for the portions of the claims file
21 redacted based on privilege.

22       IT IS FURTHER ORDERED that defendant's request for sanctions is DENIED.

23       DATED this 30th day of July, 2013.

24                                                               _____
                                                            CAM FERENBACH
25                                                             UNITED STATES MAGISTRATE JUDGE