1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MID-CENTURY INSURANCE COMPANY, a California business, Plaintiff, | Case No. 2:12-cv-02041-JAD-VCF |
| vs. | **ORDER GRANTING SUMMARY JUDGMENT [#16]** |
| JONATHAN C. WELLS, an individual, Defendant. | |

This is a declaratory relief action to determine whether the insurance policy Mid-Century Insurance Company issued to Jonathan Wells covers his single-car accident that occurred while he was driving off road in a truck supplied by his employer. The crux of the case is the fleet-vehicle exclusion in Wells's policy, which precludes coverage for damages "arising out of the use of any vehicle" that is part of "a fleet or pool of vehicles which are provided or made available for the use of an insured person in the course of employment."[1] The parties agree on the material facts, but each urges a different interpretation of the exclusion. Having considered the parties' written submissions and the February 20, 2014, oral arguments, the Court finds the exclusion capable of just one

---

[1] Doc. 16-1 at 20.

reasonable interpretation—that offered by Mid-Century—and grants summary

judgment in favor of the insurer.[2]

**Background**

The following material facts are not subject to genuine dispute:

Mid-Century Insurance Company issued a Nevada Auto Policy, policy number

0188994260 to Jonathan C. Wells, insuring his 2008 Dodge Ram.  Doc. 16-1 at 12-14.  The

policy contains a fleet-vehicle exclusion that precludes coverage for "bodily injury or

property damage arising out of the use of any vehicle, unless described in the

Declarations, which is one of a fleet or pool of vehicles which are provided or made

available for the use of an insured person in the course of employment."  *Id.* at 20, ¶ 8.

Wells is an employee of the Nevada Department of Transportation ("NDOT").  On

November 11, 2011, Wells was driving a truck from NDOT's fleet of vehicles when he

rolled the vehicle, causing injuries to himself and passenger Charles Marshall.[3]  The

NDOT truck was not described in Wells's Mid-Century policy as a covered vehicle.  *See*

*generally* Doc. 16-1.

Mid-Century filed this coverage action to resolve by declaratory judgment the

single question of whether the fleet-vehicle exclusion applies and allows Mid-Century to

disclaim coverage for Wells's accident.  Doc. 1.  Mid-Century now moves for summary

judgment in its favor, arguing that the fleet-vehicle exclusion unambiguously prevents

coverage for this accident because it occurred in a non-described vehicle that is part of a

fleet or pool of vehicles and provided to Wells in the course of his employment.  Doc. 16.

Wells opposes the motion, arguing that the exclusion is ambiguous because it was "not

---

[2] At the hearing, the Court also denied Defendant's ancillary Motion to Strike certain exhibits in support of the motion for summary judgment (Doc. 18) because Rule 12(f) only applies to pleadings, not exhibits to motions.  The Court instead construed the motion as an objection to the evidence in support of the motion for summary judgment and sustained the objection to the state court pleadings offered in support of summary judgment.

[3] Marshall sues Wells in Nevada State Court.  *See Charles E. Marshall vs. Jon Wells et al.,* Case Number: A-12-662932-C.

1   drafted with enough specificity to exclude fleet vehicles being used for personal reasons
2   or even mixed use reasons."  Doc. 17 at 4.  Wells suggests that additional discovery will
3   help show that the exclusion language is ambiguous and should be interpreted to bar
4   only coverage for fleet-vehicle *use within the scope* of employment, which this was not.
5   Wells also objects to the evidence offered by Mid-Century, contending (often baldly) that
6   it is unreliable and should be disregarded.  The Court overrules those evidentiary
7   objections in large part and grants summary judgment in favor of Mid-Century as more
8   fully set forth below.

9                                   **Legal Discussion**

10          The purpose of summary judgment is to avoid unnecessary trials when there is
11   no dispute as to the facts before the court.[4]  Summary judgment is appropriate when the
12   pleadings, the discovery and disclosure materials on file, and any affidavits "show there
13   is no genuine issue as to any material fact and that the movant is entitled to judgment as
14   a matter of law."[5]  An issue is "genuine" if there is a sufficient evidentiary basis on
15   which a reasonable fact-finder could find for the nonmoving party and a dispute is
16   "material" if it could affect the outcome of the suit under the governing law.[6]

17          The moving party bears the burden of showing that there are no genuine issues of
18   material fact.[7]  Once the moving party satisfies Rule 56's requirements, the burden shifts
19   to the party resisting the motion to "set forth specific facts showing that there is a
20   genuine issue for trial."[8]  The nonmoving party "may not rely on denials in the
21   pleadings but must produce specific evidence, through affidavits or admissible

22
23   _____

24   [4] *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

25   [5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).

26   [6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

27   [7] *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982).

28   [8] *Anderson*, 477 U.S. at 256.

1   discovery material, to show that the dispute exists,"[9] and "must do more than simply

2   show that there is some metaphysical doubt as to the material facts."[10]  In a contract

3   dispute, "[s]ummary judgment is appropriate when the contract terms are clear and

4   unambiguous, even if the parties disagree as to their meaning."[11]

5   **A.      The fleet-vehicle exclusion is clear and unambiguous.**

6          Mid-Century contends that the fleet-vehicle exclusion is subject to only one

7   interpretation: it bars coverage for injuries or damages arising out of any use of a fleet

8   vehicle owned by an employer and provided to an employee in the course of his

9   employment.  Doc. 16.  Wells argues that the exclusion is ambiguous because it can also

10  be read as triggered only when, at the time of the accident, the employer-issued fleet

11  vehicle was being used in a manner within the course and scope of the insured's

12  employment.  This ambiguity, Wells contends, requires the Court to construe the

13  contract in his favor.  Doc. 17.

14         To exclude coverage by virtue of an exclusion in its policy, a Nevada insurer must

15  "(1) write the exclusion in obvious and unambiguous language in the policy, (2)

16  establish that the interpretation excluding covering under the exclusion is the only

17  interpretation of the exclusion that could fairly be made, and (3) establish that the

18  exclusion clearly applies to this particular case."[12]  Although an "ambiguity or

19  uncertainty in an insurance policy must be construed against the insurer and in favor of

20  the insured,'"[13] the language of Wells's fleet-vehicle exclusion is not ambiguous.  A

21  policy provision is ambiguous "if it is reasonably susceptible to more than one

22

23  [9] *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).

24  [10] *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).

25  [11] *United States v. King Features Entertainment, Inc.*, 843 F.2d 394, 398 (9th Cir. 1988).

26  [12] *Century Sur. Co. v. Casino W., Inc.*, 677 F.3d 903, 907-08 (9th Cir. 2012) (citing *Powell v. Liberty Mut. Fire Ins. Co.*, 252 P.3d 668, 674 (Nev. 2011)).

27

28  [13] *United Nat'l Ins. Co. v. Frontier Ins. Co., Inc.*, 99 P.3d 1153, 1156 (2004) (quoting *Vitale v. Jefferson Ins. Co.*, 5 P.3d 1054, 1057 (2000)).

interpretation,"[14] when viewed in its "plain, ordinary and popular connotation[]."[15]  The plain language of this exclusion can be read in only one way: to exclude coverage for bodily injury and property damage arising out of the use of a non-listed fleet vehicle provided to the insured in the course of his employment.

In the passage:

> ". . . damage arising out of the use of any vehicle . . . which is one of a fleet or pool of vehicles which are provided or made available for the use of an insured person in the course of employment,"

the phrase "in the course of employment" modifies "vehicles which are provided." Thus, the essence of the provision is that it excludes coverage when the subject vehicle was provided in the course of employment.  But under Wells's interpretation, the phrase "in the course of employment" modifies "use."  For this interpretation to work, the Court would have to rearrange and rewrite the language to read something like:

> ". . . damage arising out of the use of any vehicle that is one of a fleet or pool of vehicles by an insured person within the course of employment."

Courts may not "rewrite contract provisions that are otherwise unambiguous . . . [or] increase an obligation to the insured where such was intentionally and unambiguously limited by the parties,"[16] and this Court declines invitation to do so.  The Court finds that this exclusion is capable of only one interpretation—one that is triggered regardless of whether the employer-provided fleet vehicle was being used within the insured's course and scope of employment.

---

[14] *Margrave v. Dermody Properties,* 878 P.2d 291, 293 (1994).

[15] *Am. Excess Ins. Co. v. MGM,* 729 P.2d 1352, 1354 (1986).

[16] *Id.* at 1156-57 (quoting *Farmers Insurance Group v. Stonik,* 867 P.2d 389, 391 (1994)).

1    This interpretation is also consistent with the policy's definition of "your insured

2    car," which "does not include . . . . (4) Any vehicle which is one of a fleet or pool of

3    vehicles provided for the use of any person by such person's employer, unless such

4    vehicle is specifically listed in the Declarations."  Doc. 16-1 at 18.  Courts must interpret

5    insurance policies as a whole, [17] applying "the rule of *noscitur a sociis*, which instructs us

6    to ascertain the meaning of terms in a policy by referencing the terms with which they

7    are associated."[18]  Terms should not be "viewed standing alone, but rather in

8    conjunction with the policy as a whole 'in order to give a reasonable and harmonious

9    meaning and effect to all its provisions.'"[19]  The "your insured car" definition further

10   supports the conclusion that the policy is not intended to cover accidents involving an

11   insured's employer-issued vehicle, whether or not the vehicle was being utilized for

12   work-related purposes at the time of the loss, resulting in a harmonious meaning and

13   effect to these similarly themed policy provisions.

14   **B.    There are no genuine issues of material fact.**

15   The next question for this Court is whether there remains any genuine issue of

16   material fact that requires resolution before applying the unambiguous fleet-vehicle

17   exclusion. The Court finds none.  The parties agree that the NDOT truck Wells was

18   driving was owned by NDOT as part of its fleet of vehicles and the truck was issued to

19   Wells in conjunction with his employment.  Nobody denies that Wells was driving this

20   vehicle at the time of the accident.  The only factual disputes concern whether Wells was

21   driving this vehicle in the course and scope of his employment or in detour and frolic.

22   But because the exclusion does not speak to the type of use made of the fleet vehicle, that

---

[17] *Fourth St. Place v. Travelers Indem. Co.*, 270 P.3d 1235, 1241 (Nev. 2011) (citing *Am. Excess,* 729 P.2d at 1354).

[18] *Id.* (citing *Orr Ditch Co. v. Dist. Ct.*, 178 P.2d 558, 562 (Nev. 1947)).

[19] *Id.* at 1239 (quoting *National Union Fire Ins. v. Reno Exec. Air*, 682 P.2d 1380, 1383 (Nev. 1984)).

1   dispute is not material here as it matters not whether the fleet vehicle was being used for

2   employment-related purposes at the time of the accident.

3          In an effort to manufacture a fact issue, Wells baldly suggests that the copy of the

4   policy provided by Mid-Century "may or may not be the correct policy."  Doc. 17 at 3.

5   But he offers no legitimate basis to dispute that the "certified" copy of the policy

6   submitted with the motion for summary judgment can be trusted.  The Court finds that

7   the document contains adequate guarantees of its trustworthiness to permit its

8   consideration here, particularly when Wells has offered no substantive objection to, or

9   disagreement with, its authenticity.

10         Wells also objects to Mid-Century's offer of his own affidavit, by which he attests

11  that the subject vehicle was issued by his employer.  *Celotex* and Rule 56 itself allow this

12  Court to consider the Wells Affidavit.  But even if this Court excludes it, other evidence

13  in the record corroborates the facts established by the Wells Affidavit.  For example,

14  deposition testimony from Catherine Black, auditor with NDOT, and from Wells

15  himself, *see* Doc. 46, establish as an undisputed fact that Wells was driving an NDOT

16  fleet vehicle at the time of the accident.[20]

17         Finally, Wells's counsel submitted a Rule 56(d) affidavit listing additional

18  discovery that he believed in April 2013 needed to be conducted before Wells would

19  have adequate information to properly oppose summary judgment.  *See* Doc. 17-1.  All

20  of that discovery was completed more than six months ago, and Wells has not even

21  attempted to offer a scintilla of evidence from that exercise to prevent the Court from

22  now entering summary judgment.  Thus, there is no longer any reason to delay the entry

23  of summary judgment under Rule 56(d).

24

25

26

_____

27  [20] That deposition testimony contained in that supplement is properly authenticated; the transcript excerpts are provided along with the signed certificate of the court reporter.

28  *See Orr v. Bank of Am.*, 285 F.3d at 774.

7

With no disputed facts, it is clear that the fleet-vehicle exclusion applies in this case. The vehicle Wells was driving was undisputedly a fleet vehicle, the exclusion applies, and Mid-Century is relieved of its coverage obligation for this incident.

### Conclusion

Accordingly, and for the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (#16) is GRANTED.

DATED this 5th day of March, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT COURT JUDGE